```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-80300-CIV-HURLEY
                         MAGISTRATE JUDGE P.A. WHITE
```

ALBERT BUCKLE,                    :

    Plaintiff,                :
v.                                :     <u>REPORT OF MAGISTRATE</u>
                                                <u>JUDGE</u>
DANIELS,

    Defendant.                :
_____

## Introduction

This Cause is before the Court upon <u>sua sponte</u> review of this case. The plaintiff was initially permitted to proceed <u>in forma pauperis</u>, and ordered to file an amended complaint. However, a Renewed Motion to Dismiss filed by Defendant Deputy Michael Mentis (DE#13), in Case No. 10-80192-Civ-Marra demonstrated that the plaintiff was a multiple filer, and therefore all pending cases can now be stricken pursuant to 28 U.S.C. §1915(g).

The plaintiff has filed the following known cases:

### Middle District of Florida

    1.   <u>Buckle v Jordan, et al</u>
          07-679-Civ-TJC-TEM
          1983: dismissed

➜    2.   <u>Buckle v Strube, et al.</u>
          1983: 98-282-Civ-HLA
          Dism for lack of exhaustion

➜    3.   <u>Buckle v Slater, et al.,</u>
          1983:  94-789-Civ-WTH
          Dism for failure to state a claim

Southern District

→ 1.  Buckle v Lewis, et al
     01-14165-Civ-JCP
     1983- Dism 8/16/01 1915(d)

2.  Buckle v Hill
    10-80189-Civ-KLR
    1983- Dism 3/5/10 1915(d)

3.  Buckle v Mentis
    10-80192-Civ Marra
    1983: report to dism 1915(g)
    Pending

4.  Buckle v Hidde
    10-80193-Civ-KLR
    1983- report 1915(d)
    Pending

5.  Buckle v Williams
    10-80198-Civ-Marra
    1983- Pending

6,  Buckle v Cunningham
    10-80202-Civ-Cohn
    1983- Pending

7.  Buckle v Morris
    10-80218-Civ-KLR
    Closed 3/25/10, 1915(d)

8.  Buckle v Davis
    10-80297-Civ-Cohn
    1983 pending

9.  Buckle v Rookie
    10-80298-Civ-KLR
    1983 Rep dism lop

10. Buckle v Daniels
    10-80300-Civ-Hurley
    1983- pending

11. Buckle v Jackson
    10-80303-Civ-KLR
    1983 Rep to dism 1915(d)
    Closed 4/5/10

12. Buckle v McGuckian
    10-80346-Civ-KLR
    1983- Rep to dism 1915(d)

2

       Closed 3/30/10

13. <u>Buckle v Blk Male</u>
    10-80420-Civ-Zloch
    1983: pending

<u>Law of 1915(g)</u>

Pursuant to 28 U.S.C. §1915(g), enacted April 26, 1996, no prisoner may bring a civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11 Cir. 1999).

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals, <u>Rivera v. Allin</u>, 144 F.3d 719 (11 Cir. 1998). There the Court held that the new "three strikes" IFP provision does not violate the First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment. Moreover, the Court held that courts in this circuit may properly count as strikes cases dismissed on the statutory grounds prior to April 26, 1996.

The types of dismissals that count as "strikes" under §1915(g) which have thus far been recognized and established by judicial precedent, include the following:

1. **Pre-PLRA Dismissals under 28 U.S.C. §1915(d)**:

    Civil rights claims raised under Title 42 U.S.C., or raised under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which before the April 26, 1996 statutory amendments were dismissed pursuant to the pre-PLRA version of 28 U.S.C. §1915(d), and <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989) in which the Supreme Court had identified two classes of cases in which 28 U.S.C. §1915(d) authorized courts to dismiss cases <u>sua sponte</u>: (i) "claim[s] based on an indisputably meritless legal theory," and (ii) "those claims whose factual contentions are clearly baseless." <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192 (11 Cir. 1999); <u>Rivera v. Allin</u>, 144 F.3d 719, 728-30 (11 Cir. 1998).

2. **PLRA Dismissals for Failure to State a Claim, Defendants Immune, etc.**:

    Civil rights claims raised under Title 42 U.S.C., or raised under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which are dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under the provisions of 42 U.S.C. §§ 1915A(b)(1) and (b)(2), and/or 1915(e)(2)(B), because the claims are either frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Rivera v. Allin</u>, 144 F.3d 719, 731-32 (11 Cir. 1998); <u>Anderson v. Hardman, et al.</u>, No. 99 C 7282 at *3, 1999 WL 1270692 (N.D.Ill. Dec. 17, 1999); <u>Luedtke v. Gudmanson</u>, 971 F.Supp. 1263 (E.D.Wis. 1997).

3. **PLRA Dismissals for Lack of Exhaustion of Administrative Remedies**:

    Civil rights claims concerning conditions of confinement, raised under Title 42 U.S.C., or raised under <u>Bivens</u>, which are dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under 42 U.S.C. §1997(e)(a), for failure to exhaust administrative remedies. <u>Rivera v.

<blockquote>

Allin, 144 F.3d 719, 731 (11 Cir. 1998) (dismissal of a plaintiff's claims pursuant to §1997e is "tantamount to one that fails to state a claim upon which relief may be granted"). Cf. Boles v. Prior, No. 2:00-cv-0401, 2001 WL 180160, at *1 (N.D.Tex. Feb. 20, 2001). But see Snider v. Melindez, 199 F.3d 108, 111-112 (2 Cir. 1999).

4. **PLRA Dismissals for "Abuse of the Judicial Process"**:

A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. §1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11 Cir. 1998). Examples of "abuse of the judicial process" include:

> i. **lying under penalty of perjury,** Rivera v. Allin, supra, 144 F.3d at 731 (holding that the dismissal of a case as a sanction by the District Court for the Middle District of Florida properly counted as a "strike" under the "three strikes" provision of the PLRA, pursuant to 28 U.S.C. §1915(g), where the plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit [filed by him]," and although the District Court in dismissing the case "may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)");
>
> ii. **refusal to comply with court orders**, Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11 Cir.), cert denied, 510 U.S. 863 (1993) (No. 93-80) (holding that failure to comply with court orders is an "abuse of the judicial process"); Huffine v. United States, 25 Cl.Ct. 462, 464 (Cl.Ct. 1992) (pro se litigant's refusal to comply with Court orders was an "abuse of the judicial process"); and
>
> iii. **repeated assertion of claims previously raised**, Hicks v. Brysch, 989 F.Supp. 797,

</blockquote>

5

>    822-23, nn. 150 and 151 (W.D.Tex. 1997) (Noting that *pro se* civil rights litigation had become a recreational activity for state prisoners in the Circuit, and that prisoners had abused the judicial system in a manner that non-prisoners have not; and holding that "Noone, rich or poor is entitled to abuse the judicial process," and that "it is malicious *per se* for a pauper to file successive *In Forma Pauperis* suits that duplicate claims made in other pending or previous lawsuits") (citing <u>Hardwick v. Brinson</u>, 523 F.2d 798, 800 (5th Cir. 1975), <u>Pittman v. Moore</u>, 980 F.2d 994, 995 (5 Cir. 1993), and <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5 Cir. 1988)); <u>Lynn v. McClain</u>, 12 Fed.Appx. 676; 2001 WL 328672, at *679 (10 Cir. (Kan) April 4, 2001) (plaintiff's "continued assertion of the same issues and arguments constitutes abuse of the judicial process").

5.  **<u>Dismissals under Fed.R.Civ.P. 12(b)(6)</u>:**

    Civil rights claims raised under Title 42 U.S.C., or under <u>Bivens</u>, which are dismissed on a motion to dismiss, pursuant to <u>Fed.R.Civ.P.</u> 12(b), for lack of subject matter jurisdiction, or for failure to state a claim upon which relief can be granted. <u>Rivera v. Allin</u>, 144 F.3d 719, 728-30 (11 Cir. 1998); <u>Lloyd v. Schwartz</u>, No. 99 C. 3070 at *5, 1999 WL 1044210 (N.D.Ill. Nov. 9 1999); <u>Correa-Serge v. Eliopoulas</u>, No. 95 C 7085, 1998 WL 292425, at *1-5 (N.D. Ill. May 19, 1998).

6.  **<u>Dismissals of Claims Re Confinement under Heck v. Humphrey and PLRA</u>:**

    Civil rights claims raised by a state prisoner pursuant to Title 42 U.S.C., or raised by a federal prisoner pursuant to <u>Bivens</u>, attacking his or her confinement, which are dismissed pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B). <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-65 (5 Cir.

6

1998); Luedtke v. Bertrand, 32 F.Supp.2d 1074 (E.D.Wis. 1999) (citing Rivera v. Allin, 144 F.3d 719, 731 (11 Cir. 1998)); Grant v. Sotelo, No. 2:98-CV-0347, 1998 WL 740826, at *1 (N.D.Tex. Oct. 19, 1998); Sanders v. DeTella, No. 98 C 4481 at *3, 1997 WL 126866 (N.D.Ill., March 13, 1997); Sandles v. Randa, 945 F.Supp. 169, 171-72 (E.D.Wis. 1996).

7. **Dismissals of Claims Re Disciplinary Proceedings under Heck v. Humphrey; Edwards v. Balisok, and PLRA**:

    Civil rights claims concerning disciplinary proceedings in state or federal facilities, raised pursuant to Title 42 U.S.C., or raised pursuant to Bivens, which are dismissed pursuant to Edwards v. Balisok, 520 U.S. 641 (1997) and Heck v. Humphrey, 512 U.S. 477 (1994), and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B). Warburton v. Goord, 14 F.Supp.2d 289, 294 (W.D.N.Y. 1998); Hayes v. Washington, No. 99 C 929, 1999 WL 782095, at *4, *8 (N.D. Ill. Sept. 23, 1999).

8. **Appeals Dismissed as Frivolous, Malicious, or for Failure to State a Claim**:

    Appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Adepegba v. Hammons, 103 F.3d 383, 387-388 (5 Cir. 1996).

9. **Dismissals of Mandamus Actions Against Federal Officials or Against State Officials:**

    Petitions for Mandamus against either federal officials or against state officials qualify as "civil actions" under 28 U.S.C. §1915(g). See In Re: Billy D. Jacobs, a/k/a Ya qub, 213 F.3d 289 (5 Cir. 2000) (holding that after he was granted leave under the PLRA to proceed *in forma pauperis* in the district court, and his case was still under initial review for frivolousness as required by 28 U.S.C. §1915A, appellant's mandamus petition in the Court of Appeals seeking to compel the district court to order service on the defendants was inappropriate, hindered the initial review process, and

>was subject to dismissal as frivolous and counted as a strike under 28 U.S.C. §1915(g), the PLRA's three strikes provision); <u>Green v. Nottingham</u>, 90 F.3d 415, 418 (10 Cir. 1996) (holding that mandamus petitions qualify as "civil actions" under §1915(g), and that plaintiff with three prior strikes under the statute could not be permitted to continue filing actions by merely framing pleadings as petitions for writs of mandamus since to do so would allow a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits); <u>In Re: Michael C. Washington</u>, 122 F.3d 1345 (10 Cir. 1997) (petitions for writ of mandamus qualify as "civil actions" under §1915(g)); <u>Hicks v. Brysch</u>, 989 F.Supp. 797 (W.D.Tex. 1997) (in an *in forma pauperis* §1983 action against state court clerk for mandamus, monetary and injunctive relief, mandamus could not be granted where the defendant was an elected County official, not a federal officer, agent, or employee, and suit was legally frivolous, requiring dismissal under *IF* statute as amended by the PARA. <u>Cf</u>. <u>Martin v. United States</u>, 96 F.3d 853 (if defendant's petition for writ of mandamus arises from civil litigation, the petition must conform with the PARA, however if petition arises from criminal litigation, petition need not comply with the Act).

## II. <u>Analysis</u>

In Case No. 10-80192-Civ-Marra, the defendant provided the Court with un-scanned pleadings filed in the Middle District of Florida in case no. 94-789-Civ-WTH, demonstrating that the plaintiff is a multiple filer, and barred by 28 U.S.C. §1915(g).

As demonstrated in the list of cases at the top of this report, this plaintiff has filed three or more cases which fit the criteria of this statute. The plaintiff ails to demonstrate that he falls within the exception to the statute, imminent danger of serious

physical injury at the time of filing the lawsuit. See: Medberry v Butler, 185 F.3d 1189 (11 Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger), See: Peterson v Smith, 2007 WL 137157 (S.D. Ga. 2007), Johnson v Chase, 2007 SL 710157 (MD Ga 2007) (conclusory allegations defendants are trying to kill plaintiff insufficient to demonstrate imminent danger).

### III. Recommendation

1. The orders establishing the debt, and service (DE#s 9 & 11) be considered vacated.

2. This complaint should be dismissed pursuant to 28 U.S.C. §1915(g), and this Case be closed.

3. This procedural bar prevents the plaintiff from filing cases in forma pauperis. He may file a complaint only upon paying the Clerk's $350.00 filing fee at the time of filing the complaint.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 7th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Albert G. Buckle, Pro Se
      #20091012058
      Palm Beach County Jail
      Address of record
```